UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARVEY PATRICK SHORT,<br><br>         Plaintiff,<br><br>     v.<br><br>GREAT ATLANTIC & PACIFIC TEA COMPANY, INC. et al.,<br><br>         Defendants. | Civil Action No. 10-1553 (JLL)<br><br>**ORDER**<br><br>**CLOSED** |

Plaintiff, a prisoner at St. Mary's Correction Center, has submitted a pro se complaint under 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (Supp. II 1996).

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (Supp. II 1996). Dismissals for frivolousness of civil actions or appeals prior to the passage of the PLRA count as "strikes" under 28 U.S.C. § 1915(g). See Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144 (3d Cir. 1997).

While incarcerated, plaintiff has had at least three prior civil actions dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. See, e.g., Short v. Carper, Civil Action No. 07-0139 (S.D. W.Va); Short v. Bailey-Walker, Civil Action No. 07-0277 (S.D. W.Va); Short v. U.S.A., Civil Action No. 01-0408 (W.D. N.C.).

Because plaintiff has had these three prior actions dismissed while he was incarcerated and the complaint does not suggest that plaintiff is under imminent danger of serious physical injury,

It is on this __24__ day of __September__, 2010,

ORDERED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff's request to proceed in forma pauperis is hereby DENIED; and it is further

ORDERED that, Plaintiff's application for appointment of counsel is hereby DENIED without prejudice as moot; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Houston v. Lack, 487 U.S. 266 (1988)(prisoner mailbox

rule); <u>McDowell v. Delaware State Police</u>, 88 F.3d 188, 191 (3d Cir. 1996); <u>see also</u> <u>Williams-Guice v. Board of Education</u>, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey, 07101 within 30 days of the date of entry of this Order; Plaintiff's writing shall include the $350 filing fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and the filing fee, within the time allotted by this Court, the Clerk of the Court will be ordered to reopen this case.

_____
Jose L. Linares
United States District Judge